Curia per

Butler, J.
The grounds taken in the appeal resolve themselves into this proposition — have the securities on a prison bounds’ bond the right to question the finding of the jury against their principal, establishing the fact that he had forfeited his right to the jail rules or bounds, under the prison bounds’ Act, by rendering a false and fraudulent schedule ? Or, in other words, whether the bond becomes forfeited against all the parties to it, when the principal forfeits his rights to the benefit of the law under which it was taken. The securities undertake, by the bond, that their principal will remain within the prison bounds, and that he will, within forty days, render in to the Clerk of the Court a true and honest schedule of his effects ; otherwise that they will pay the debt on which the principal has been confined. (a)
By the 7th clause of the Act it is provided, “ that any prisoner committed on execution aforesaid, who shall not give in such schedule, (that is, a true schedule,) agreeably to the tenor of his or her bond, shall not be any longer entitled to the prison rules, but his bond shall be forfeited and assigned to the plaintiff,” &c. And in the latter part of the same clause, it is provided how the forfeiture shall be ascertained, to wit : by a jury, &c. When, therefore, the securities signed the bond, they were not only well aware of the nature and extent of their obligation, but of the manner in which their liability was to be fixed, to wit: by a decision against their principal. This decision must form a part of the contract; for, upon such decision, the plaintiff acquires his right to the bond, by an assignment from the Sheriff; the very object of such assignment being to enable the plaintiff to recover against all the parties. The plaintiff’s right to the bond, and the defendant’s liability to pay it, would seem to be co-extensive ; and that one is established as soon as the other is lawfully acquired. According to these views, the liability of the defendants was conclusively fixed by the finding of the jury against Davis. The right of recovery being established, the extent of it followed *24 * which was the amount of the debt on which Davis had been confined. The opinion of the Court, therefore, is that the decision below was, in every respect, correct and it is affirmed.
See Harley v. Nelson, 2 Strob. 169. 10 Rich. 80. An.
Young and Irby, for the motion. Sullivan, contra.
The motion Of defendants is therefore dismissed.
Richardson, O’Neall, Evans, EaRle, JJ., concurred : Gantt, J., absent.

 5 Stat. 78. An.